```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
JEAN MARTIN,
                              Plaintiff,
                                                                    ORDER
                - against -
                                                                    08-CV-1311 (NG) (JO)
FITZPATRICK NEIL
ST. HILL DODSON, ESQ., et al.,
                              Defendants.
----------------------------------------------------------X
----------------------------------------------------------X
NEVILLE A REID,
                              Plaintiff,
                                                                    09-MC-0194 (NG)(JO)
                - against -

BENJAMIN HAGER,
                              Defendant.
----------------------------------------------------------X
```

**JAMES ORENSTEIN, Magistrate Judge:**

Benjamin Hager ("Hager"), a defendant in both of the instant actions, has served a subpoena on attorney Neville A. Reid ("Reid"), who is a non-party in the *Martin* case and the plaintiff in the *Reid* case. The subpoena commands Reid to produce the following documents:

1. Your entire closing file with reference to your representation of Jean Martin's purchase of 3348 Fenton Avenue, Bronx, New York, on or about March 22, 2007.

2. Your entire closing file with reference to your representation of Jean Martin's purchase of 102-48 188th Street, Hollis, New York, on or about April 17, 2007.

*Martin*, Docket Entry ("DE") 63 (letter motion), Attachment (copy of subpoena) (capitalization and highlighting removed). The subpoena also commended Reid to testify at a deposition. Reid neither moved to quash the subpoena nor complied with its document demands.

On March 31, 2009, Hager filed a motion to compel. *Martin*, DE 63. The next day, I issued an order requiring Reid to show cause why I should not certify that he was in contempt, based on his unexcused failure either to seek to comply with the subpoena or seek to quash it. *Martin*, DE 64.[1]

At the show-cause hearing before me on April 6, 2009, Reid explained that he had never represented Jean Martin; rather, he had represented the seller in each of the transactions mentioned in Hager's subpoena. As a result, Reid took the position that he had nothing responsive to the outstanding subpoena. Hager took the position that regardless of the identity of the party Reid represented in the transactions at issue, the non-privileged portions of the associated files should be deemed discoverable.

I declined to certify the Reid was in contempt on the ground that the infelicitously worded subpoena, as a technical matter, referred exclusively to documents that did not exist, and that therefore Reid could not have an obligation to produce. Nevertheless, rather than waste time and resources on requiring Hager to serve a new subpoena that would use correct phrasing to demand the same documents that all concerned recognized were discoverable from Reid – namely, the non-privileged portion of his files associated with his representation of the sellers in the transactions at issue – I directed him "either to produce those documents by April 10, 2009, or to

---

[1] I did not rule on the motion to compel. A subpoena is a court order that requires the recipient to provide specified information. In the absence of a successful motion to quash, or the issuing party's decision to withdraw the subpoena, an order compelling compliance is essentially redundant – it does nothing to change the rights or responsibilities of any person. While a party who fails to comply with a subpoena may be able to escape contempt sanctions by producing the requested information, no court order is needed to impose on the subpoena recipient an obligation to produce that information. As a result, a motion to compel compliance with a subpoena is usually moot by definition.

submit a motion to quash by the same date." *Martin*, DE 66. I further directed Reid to testify at a deposition, either on the date specified in the subpoena or any alternate date agreeable to all parties. *Id*.

On April 10, 2009, Reid moved to quash the subpoena. *Reid*, DE 1.[2] Reid did not file a memorandum of law in support of his motion, in violation of Local Civil Rule 7.1, but he did submit an affirmation. It appears from the latter submission that the sole basis for Reid's motion to quash is his belief that "his knowledge of the transactions in question wherein he represented two different persons other than the Plaintiff [in *Martin*] is protected by the attorney-client privilege[.]" DE 1, Affidavit in Support of Motion to Quash Subpoena ¶ 9. Reid therefore concludes that "absent a waiver by either of [his] clients ... [he] should not be compelled to testify or provide documents relating to representing to representation [sic] of persons other than the Plaintiff [in *Martin*]." *Id*. In making this assertion of privilege, Reid has not provided a privilege log, as required by Federal Rule of Civil Procedure 45(d)(2) and Local Civil Rule 26.2.

There may well be specific documents in the relevant files that are subject to a valid claim of attorney-client privilege. Hager's counsel made it clear at the show-cause hearing before me that he is not interested in receiving such records. But there are undoubtedly some non-privileged records in those files, as well as non-privileged facts to which Reid can attest, that are properly subject to disclosure. Reid has not identified any reason why such information should not be produced, nor has he explained his failure to provide a privilege log.

---

[2] For reasons not apparent from the record, Reid chose to file his motion as a free-standing civil action – as is the usual practice when a party seeks to quash a subpoena seeking discovery in a case pending in a different district – rather than in the pending *Martin* action.

Accordingly, I deny Reid's motion to quash. I further order that no later than May 5, 2009, Reid must produce all of the documents in his possession, custody, or control relating to Jean Martin's purchase of (1) 3348 Fenton Avenue, Bronx, New York, on or about March 22, 2007 and (2) 102-48 188th Street, Hollis, New York, on or about April 17, 2007. To the extent Reid believes any such documents are subject to a valid attorney-client privilege, he must produce a detailed privilege log no later than May 1, 2009. Finally, I order Reid to appear for a deposition in the *Martin* action no later than May 12, 2009, at a date, time, and place to be mutually determined by Reid and the parties to the *Martin* action. As a result of the foregoing orders, Hager's motion to compel is denied as moot.

**SO ORDERED.**

Dated: Brooklyn, New York
April 28, 2009

/s/ James Orenstein
JAMES ORENSTEIN
U.S. Magistrate Judge